# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**KEITH A. KNOTTS,**
**Claimant Below, Petitioner**

**FILED**

November 15, 2019
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)  No. 18-0996** (BOR Appeal No. 2052871)
(Claim No. 2017010355)

**EUROPTEC USA, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Keith A. Knotts, by Counsel J. Robert Weaver, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Europtec USA, Inc., by Counsel Steven K. Wellman, filed a timely response.

The issue on appeal is compensability. The claims administrator rejected the claim for carpal tunnel syndrome on January 4, 2017. The Office of Judges affirmed the decision in its April 10, 2018, Order. The Order was affirmed by the Board of Review on October 19, 2018.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Knotts, an etch worker at a glass plant, alleges that he developed carpal tunnel syndrome as a result of his job duties. A February 23, 2016, treatment note by William Dahl, M.D., indicates Mr. Knotts was seen for a right wrist sprain that resulted from a work injury in which he was pulling on a heavy car on October 14, 2015. Dr. Dahl diagnosed right wrist sprain, right deQuervain's tenosynovitis, and right carpal tunnel syndrome. A right wrist EMG showed mild to moderate carpal tunnel syndrome. On March 30, 2016, Dr. Dahl diagnosed right carpal tunnel syndrome and recommended bracing rather than surgery. On April 6, 2016, he requested authorization for right carpal tunnel release surgery. The surgery was performed on April 14, 2016.

1

The Employees' and Physicians' Report of Injury was completed on July 28, 2016, and indicates Mr. Knotts was diagnosed with carpal tunnel syndrome. He alleged that the condition developed as a result of handling 200 pound racks of glass every day for eight hours a day. Dr. Dahl completed the physician's section and diagnosed right carpal tunnel syndrome as a result of Mr. Knott's occupational duties. The initial treatment date was listed as February 23, 2016, and Mr. Knotts was taken off of work until June 13, 2016.

The claims administrator rejected the claim for right carpal tunnel syndrome on January 4, 2017. It stated that Mr. Knotts had a prior injury on October 15, 2015, to his right upper extremity. He worked modified duty from that day until February 5, 2016, the date he was diagnosed with carpal tunnel syndrome. Therefore, the claims administrator concluded that he was not exposed to the hazards of carpal tunnel syndrome after his prior compensable injury. It further found that there was no evidence that his job duties required heavy lifting or repetitive movements prior to October 15, 2015. Additionally, Mr. Knotts sought to reopen his October 15, 2015, claim to add carpal tunnel syndrome as a compensable condition. The request was denied and not protested. Finally, Mr. Knotts's medical records indicate he has sleep apnea and obesity and that he uses alcohol, all of which contribute to the development of carpal tunnel syndrome.

Mr. Knotts testified in a February 15, 2017, deposition that on October 15, 2015, he was working on the etch line. He dumped a bucket of crystals and smashed his right hand against a wall. He was diagnosed with a sprained right wrist and taken off of work for several weeks. He was eventually released to return to full duty. After he returned, he started experiencing numbness in his right wrist and arm. Mr. Knotts stated that he underwent surgery and was now back to full duty. He said that a typical work day requires him to pull on 300 to 350 pound racks, and his work is very physically demanding. He stated that he first noticed tingling in his wrists after his October 15, 2015, injury.

In a May 1, 2017, supplemental report, P. Kent Thrush, M.D., noted that he first examined Mr. Knotts on March 20, 2017.[1] Dr. Thrush opined that the October 15, 2015, injury did not cause the development of carpal tunnel syndrome. He stated that carpal tunnel syndrome rarely results from trauma. Dr. Thrush opined that obesity is a contributing factor to the development of carpal tunnel syndrome. He was unaware of any studies linking etch working to carpal tunnel syndrome. Dr. Thrush stated that Mr. Knott's job duties would not make him any more prone to developing carpal tunnel syndrome than anyone else in a laborer position. He found no clear link between Mr. Knotts's job duties and his development of carpal tunnel syndrome.

The Office of Judges affirmed the claims administrator's rejection of the claim on April 10, 2018. It found that the job duties described by Mr. Knotts do not involve the kind of high force, repetitive movement set forth in West Virginia Code of State Rules § 85-20-41.5 (2006) that have been shown to cause carpal tunnel syndrome. Further, Mr. Knotts suffers from obesity, which is a confounding condition that has been shown to frequently produce or contribute to carpal tunnel syndrome. West Virginia Code of State Rules § 85-20-41.4 (2006). The Office of Judges noted that Dr. Thrush opined that it is highly unlikely that his work duties contributed to or caused his

---

[1] Dr. Thrush's March 20, 2017, report was not included in the evidentiary record.

carpal tunnel syndrome. The Office of Judges concluded that obesity is likely the cause of Mr. Knotts's carpal tunnel syndrome, and a preponderance of the evidence indicates his job duties are unrelated to the condition. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on October 19, 2018.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. Pursuant to West Virginia Code § 23-4-1 (2008), employees who receive injuries in the course of and as a result of their covered employment are entitled to benefits. For an injury to be compensable it must be a personal injury that was received in the course of employment, and it must have resulted from that employment. Syl. Pt. 1, *Barnett v. State Workmen's Compensation Commissioner*, 153 W. Va. 796, 796, 172 S.E.2d 698, 699 (1970). West Virginia Code of State Rules § 85-20-41.4 lists medical conditions frequently contributing to or causing carpal tunnel syndrome, of which obesity is included. Finally, West Virginia Code of State Rules § 85-20-41.5 provides that awkward wrist positioning, vibratory tools, significant grip force, and high force of repetitive manual movements have all been shown to cause carpal tunnel syndrome. A preponderance of the evidence indicates Mr. Knotts's job duties do not involve the kind of forceful, repetitive movements known to cause carpal tunnel syndrome. Also, he suffers from obesity, a condition known to cause or contribute to carpal tunnel syndrome.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: November 15, 2019**

**CONCURRED IN BY:**
Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison